# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 7530 | DATE | 10/06/2003 |
| CASE TITLE | | Plaintiffs A,B,C,D,E,F. vs. Zemin | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Plaintiffs' motion to alter or amend judgment is denied for the reasons stated in open court. For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies plaintiffs' motion to reopen the judgment and amend the complaint, and their motion to alter or amend the judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | OCT 1 5 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 53 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 03 OCT 14 AM 11:2 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PLAINTIFFS A, B, C, D, E, F, and OTHERS )
SIMILARLY SITUATED, WEI YE, and )
HAO WANG, )
)
Plaintiffs, )
)
vs. ) Case No. 02 C 7530
)
JIANG ZEMIN and FALUN GONG )
CONTROL OFFICE )
(A.K.A. OFFICE 6/10), )
)
Defendants. )

DOCKETED
OCT 15 2003

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiffs have moved for reconsideration of the Court's memorandum opinion and order of September 12, 2003, in which we dismissed the claims against defendant Jiang Zemin, the former head of state of the Peoples Republic of China, based on a showing of immunity from suit, and dismissed the claims against the Falun Gong Control Office, also known as Office 6/10, for lack of personal jurisdiction. Plaintiffs have also moved for leave to reopen the case and file an amended complaint. Familiarity with the September 12 ruling is assumed. *Plaintiffs A, B, C, D, E, F v. Jiang Zemin*, No. 02 C 7530, ___ F. Supp. 2d ___, 2003 WL 22118924 (N.D. Ill. Sept. 12, 2003).

1. **Motion to reconsider**

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827

F.2d 246, 251 (7th Cir. 1987). Plaintiffs' arguments that the Court improperly held that Jiang was entitled to immunity are essentially a rehash of their prior arguments to this effect, made to show that the Court's reasoning was ill-founded. *See* Pltf. Mem. in Supp. of Mot. to Reconsider, args. IV, VI, and VII (there is no argument V). Such arguments are not a proper basis for a motion to reconsider. Reconsideration is appropriate only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Additionally, it appears that certain of the points made in these parts of plaintiffs' memorandum are newly-made arguments that were available to plaintiffs at the time of their prior, very comprehensive brief (45 pages with 29 small-type footnotes). To that extent, the motion is likewise improper. *See United States v. 47 West 644 Route 38, Maple Park, Illinois*, 190 F.3d 781, 783 (7th Cir.1999) ("A party may not introduce evidence or make arguments in a Rule 59 motion that could or should have been presented to the court prior to judgment.")

Plaintiffs' challenge to the Court's comments regarding Office 6/10's possible entitlement to immunity under the Foreign Sovereign Immunities Act is not a basis for reconsideration. *See* Pltf. Mem. in Supp. of Mot. to Reconsider, arg. III. The Court made no finding in that regard, and the comments in question formed no part of the basis for the decision.

Plaintiffs also argue that the Court should not have considered whether personal jurisdiction existed as to Office 6/10, as that entity filed no papers and thus waived any objection to personal jurisdiction. *See* Pltf. Mem. in Supp. of Mot. to Reconsider, arg. II.B. This objection has itself been forfeited. In a heading to a section of their previously-referenced brief discussing

both subject matter jurisdiction and personal jurisdiction, plaintiffs conceded that "[c]hallenges to the District Court's jurisdiction may be raised either by a party *or by the court* upon the filing of a motion for default judgment." Pltf. Mem. on Prelim. and Jurisd. Issues at 1 (emphasis added). And they failed to press the waiver argument that they now make. In any event, it is well established that a Court may (and perhaps must) consider the issue of personal jurisdiction *sua sponte* when addressing imposition of a default. *See, e.g., System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001); *Tuli v. Republic of Iraq (In re Tuli)*, 172 F.3d 707, 712 (9th Cir. 1999); *Dennis Garberg & Associates, Inc. v. Pack-Tech International Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997).

Plaintiffs argue that the Court improperly ruled that "nationwide contacts" jurisdiction under Fed. R. Civ. P. 4(k)(2) was unavailable; they say that the Court improperly shifted to plaintiffs the burden of showing that jurisdiction was lacking in all state courts. *See* Pltf. Mem. in Supp. of Mot. to Reconsider, arg. II.A (citing *SI International, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 538, 552 (7th Cir. 2001)). But in this case plaintiffs *conceded* that jurisdiction over both Jiang and Office 6/10 existed in other states, *see* Pltf. Mem. on Prelim. and Jurisd. Issues at 44, and thus there was no need to deal with the allocation of the burden of proof.

Finally, plaintiffs challenge the Court's finding that they had insufficiently alleged that Jiang was an agent or officer of Office 6/10 at the time of the purported service, as required for service under the pertinent Illinois statute and Fed. R. Civ. P. 4(e)(1) & 4(h)(1). *See* Pltf. Mem. in Supp. of Mot. to Reconsider, arg. I. First of all, the Court's statement was at most an

3

alternative basis for our holding that personal jurisdiction was lacking.[1] In any event, however, plaintiffs' arguments are unconvincing and do not persuade the Court that it erred in stating that "plaintiffs' conclusory allegations of agency" did not provide a sufficient basis for a determination in their favor on the agency issue. *See* 2003 WL 22118924, at *8.

2.  **Motion for leave to reopen judgment and amend complaint**

Plaintiffs are not entitled to amend their complaint. The amendment is based on information that was available to them prior to the time of the Court's ruling, *see* Decl. of Terri E. Marsh, intro. par., and thus a post-judgment motion is untimely.

### Conclusion

For the reasons stated above, the Court denies plaintiffs' motion to reopen the judgment and amend the complaint, and their motion to alter or amend the judgment.

MATTHEW F. KENNELLY
United States District Judge

Date:   October 6, 2003

---

[1] For this reason, plaintiffs' proposed amendments to their complaint's allegations regarding Jiang's agency status would not warrant reopening the judgment even were the Court to grant leave to amend.

4